No. 15,037.

W. A. ELLIS, INC. *v.* ELLIS.

(144 P. [2d] 552)

Decided October 25, 1943.   Rehearing denied January 3, 1944.

Mr. CHARLES F. BRANNAN, Mr. JOHN W. METZGER, Mr. WAYNE D. WILLIAMS, for plaintiff in error.

Mr. J. G. HOLLAND, Mr. DAVID K. TONE, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE YOUNG delivered the opinion of the court.

PLAINTIFF, Buena Ellis, defendant in error, a mental incompetent, by her guardian and next friend, Orison Ellis, sued a former guardian, Aline Ellis, for $12,000 alleged to be the amount of money that Aline had received for her ward while acting as her guardian, and for which she had failed to account. Orison, Buena

and Aline are brother and sisters. Plaintiff sued out, as ancillary to said suit, an attachment, and on the attachment, a writ of garnishment was issued and served on W. A. Ellis, Inc., plaintiff in error, as garnishee. Garnishee answered that it was not indebted to Aline. The answer was traversed by plaintiff who alleged in the traverse that: Aline was the owner of an undivided one-sixth interest in certain mining claims, that need not be particularly described here; that under certain leases and agreements from Aline to garnishee's predecessors in interest, approximately $7,590 royalties had accrued to Aline by virtue of garnishee's operation of the claims, and that such royalties were retained by, and were in the hands of, the garnishee and owing to Aline. After the institution of the action Aline confessed judgment in the sum of $12,000 and judgment was accordingly entered. Aline, by a writing filed in the case, confessed that the attachment ancillary to the action was rightly sued out and consented that the same be sustained. Trial was had on the garnishee's answer and traverse and judgment entered in the sum of $7,039.90 in favor of the defendant against the garnishee for the use of plaintiff.

Garnishee specifies eight points as grounds for reversal of the judgment. We presently express no opinion as to the merits of the six points first specified, for in the view we take of the case, only the seventh and eighth points require consideration. They are as follows: "7. The trial court erred in rejecting the setoff asserted by the garnishee against the defendant. 8. The trial court erred in entering judgment for the sum of $7,039.90, or for any sum."

The following facts disclosed by the record are sufficient for consideration in disposing of the case:

By inheritance from their father, who died in 1918, Buena Ellis and Aline Ellis each succeeded to an undivided one-twelfth interest in and to the American Lode Mining Claim, U. S. Mineral Survey No. 1997 in

Park County, Colorado. In 1919, Buena was adjudged a mental incompetent and has continued to be such since that time. In 1920, Buena attempted to convey her one-twelfth interest in said claim to Aline, apparently not to vest Aline with the beneficial interest therein, but merely to enable Aline the more readily to manage it for her. About the same time, Will Ellis, a brother, conveyed a one-twelfth interest in the same mining claim to Aline for the use of herself and Buena. Aline thereupon executed a lease covering the three-twelfths interest to her brother Will. By various assignments, the lease at the time of trial had passed to the garnishee, W. A. Ellis, Inc. In 1932, Aline was appointed guardian of Buena by a California court having jurisdiction of minors' estates in which state both Buena and Aline resided.

During the four years from 1932 to 1936, W. A. Ellis, Inc., operated the claim and paid to Aline as royalty under the lease and certain compromise agreements subsequently entered into, large sums of money aggregating approximately $116,000. One-third of this, or approximately $38,000 was royalty from Buena's one-twelfth interest in the claim. Aline, as Buena's guardian, failed to account to her for the royalties so paid, and converted them to her own use.

In 1936, Aline resigned, or was removed, as Buena's guardian, and Orison Ellis, another brother, was appointed guardian in her place. Thereafter, Orison instituted an action in trespass against W. A. Ellis, Inc., and certain other defendants, for the value of Buena's interest in the ore removed from the claim, alleging in said action her mental incompetency to execute the deed to Aline and its consequent invalidity and the invalidity of the lease thereafter executed by Aline under which W. A. Ellis, Inc., had operated the property.

The court, on the trial of this action, adjudged the deed and lease as to Buena's interest void, and entered judgment in her favor for $20,000 the value of her in-

terest in the ore removed by wilful trespass. $15,333 of this judgment was paid by W. A. Ellis, Inc., the remainder being paid by other defendants, but this latter fact is not material to a determination of the issues here involved.

After Aline's removal as guardian in 1936, W. A. Ellis, Inc., operated the property for a time, but retained in its hands the royalties accruing on Aline's personal interest in the claim, amounting to approximately $7,590. In 1939, after payment of the judgment in the trespass case, W. A. Ellis, Inc., entered a charge against Aline on its books for the $38,000 royalties paid her on Buena's one-twelfth interest, and now claims this as an offset against the royalties accrued since 1936 on the remaining one-sixth interest standing of record in the name of Aline. The district court refused to recognize such offset and entered judgment as heretofore stated. This action of the court is set up by plaintiff in error as its seventh and eighth grounds for reversal as herein before set forth. We think the points specified well taken.

In the trespass suit, to which Aline was not a party, the garnishee in this case, W. A. Ellis, Inc., which was a defendant in that case, set up as a defense, that royalties specified in the lease to be twenty per cent of the net smelter returns on all ore shipped and sold, had been paid to Aline as guardian of Buena, and the court on the trial of that cause refused to take such payments into account in ascertaining the amount of damages for the trespass to Buena's interest. To hold Buena entitled to the full value of the ore removed from her interest, as was done when judgment was entered in the trespass case, and now to hold, as was done by the judgment in the instant case, in a suit against Aline by Buena for converting the royalties paid Aline as guardian, permits a double recovery for the same wrong. We are not here concerned with such double recovery against Aline, for she confessed liability and consented to the judgment. She cannot, however,

by such confession deprive the garnishee, W. A. Ellis, Inc., which paid the full value of the ore taken by trespass, from having recourse against her for the twenty per cent royalties for which she failed to account to Buena—at least to the amount of $15,333 which the garnishee was compelled to pay Buena, undiminished by the amount of the royalties it had already paid. Since these royalties converted by Aline were in excess of the amount of royalties admittedly accrued to the latter on her personal interest in the claims, the setoff consumes the entire debt owed by W. A. Ellis, Inc., to Aline, and consequently, on a balancing of the account, the garnishee owes her nothing.

The judgment in favor of Aline against the garnishee for the use of the plaintiff is not supported by the evidence.

Judgment reversed.

Mr. Justice Knous and Mr. Justice Jackson not participating.